KAREN NELSON MOORE, Circuit Judge,
concurring in part and dissenting in part.
Although I agree with much of the amended opinion, I must dissent because I believe that the decision by Unum to deny benefits was arbitrary and capricious.
Unum unreasonably interpreted Dr. Raines’s evaluation of Russell’s ability to return to work by concluding that he had approved her return to “sedentary occupations.” A.R. at 1257; Appellee Br. at 43 & n. 13. A sedentary occupation is not the same as a seated-only occupation; sedentary occupations “involve walking [and] standing for brief periods of time.” A.R. at 1218. Dr. Raines explicitly concluded that Russell could not perform the non-seated tasks of a sedentary occupation, and thus gave the following limitation to sedentary work: “sit down duty only.” Id. See also A.R. 921 (Raines’s evaluation of 9/10/08 stating “She is unable to perform any job that would require standing or walking.”). Unum’s determination to the contrary is therefore arbitrary and capricious because it ignores Dr. Raines’s specific instructions.
After considering all of the evidence in the Administrative Record, I must conclude that Unum has conflated Dr. Raines’s limitations on Russell allowing “sit down duty only” with an ability to perform “sedentary work.” This constitutes an arbitrary and capricious determination warranting a remand. The Majority seeing this differently, I respectfully dissent.